**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edwin Taylor Berry, | No. CV-19-08274-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. Petitioner is challenging a ten (10) year sentence for sexual exploitation of a minor and attempted sexual exploitation of a minor. If this Petition is granted and the State tries Petitioner in state court, Petitioner would face a potential minimum sentence of seventy (70) years. (*See* Doc. 17 at 8). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 17). Petitioner filed his objections (Doc. 22) and Respondents responded to the objections (Doc. 25).

**I.     Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d

1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

However, global or general objections are insufficient to cause the Court to engage in a de novo review of an R&R. *See Kenniston v. McDonald*, No. 15-CV-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) ("'When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review.' Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)."). Accordingly, the Court will review the portions of the R&R to which there is a specific objection de novo.

## II.   Review of State Court Decision

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1). Additionally, "[a]n application for

a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

### III. Factual Background

The R&R recounts the factual and procedural history of this case, as well as the governing law, at pages 1–13. (Doc. 17 at 1–13). Neither party has objected to this portion of the R&R and the Court hereby accepts and adopts it.

### IV. Claims in the Petition

The Court has determined Petitioner raises 2 grounds for relief in his Petition. The Court will address each ground in turn.

**A. Ground 1**

In his first ground for relief, Petitioner claims he received ineffective assistance of counsel for multiple reasons.

First, Petitioner claims he was "denied due process when counsel failed to investigate the state[']s case, (see the 'police report') upon arrest" and the Department of Homeland Security never disclosed the probable cause needed to secure the warrant to search his home. (Doc. 22 at 2). Although Petitioner has not specifically stated so, the Court will interpret this ground as an ineffective assistance of counsel claim. The Arizona Court of Appeals denied relief based on this contention and found that further investigation would not have changed the outcome of the case. (Doc. 1 at 3). The R&R did not specifically address this factual predicate of ineffective assistance of counsel, but Petitioner raised it in his initial Petition, (Doc. 1 at 17) so the Court will address this claim now.

To prevail on a claim for ineffective assistance, Petitioner must show that "(1) his attorney's performance was unreasonable under prevailing professional standards, and (2) a reasonable probability that but for counsel's unprofessional errors, the results would have been different." *United States v. Blaylock* 20 F.3d 1458, 1465 (1994) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984)). Additionally, in the context of a pleading defendant, Petitioner must establish a "reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (2009). When a petitioner asserts ineffective assistance of counsel based on a claim of failure to investigate, a particular decision not to investigate "must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

To start, Petitioner has cited no facts in the record to support his contention that his attorney failed to investigate potential issues with the warrant used to seize evidence from Petitioner's residence. Moreover, even if Petitioner's counsel had investigated the warrant for lack of probable cause, any evidence obtained from this allegedly deficient search warrant would still likely be admissible under the good-faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897 (1984) (holding officer's reasonable, good-faith reliance on determination of probable cause by magistrate judge does not warrant suppression of evidence after warrant is subsequently determined to be invalid). Petitioner does not assert that the judge who issued the warrant abandoned their detached and neutral role. *See id.* (finding suppression reasonable when an issuing magistrate judge wholly abandons their role as a detached, neutral arbiter). Instead he asserts—without any citation or support from the record—that federal agents conspired with local law enforcement to obtain a warrant based on illegally-obtained probable cause. (*See* Doc. 1 at 17). The Court can find nothing in the record to support that contention, leading to the belief that counsel reasonably exercised her discretion in not pursuing futile investigation. Even if Petitioner's counsel believed Petitioner's contention regarding an illegal wiretap, there is nothing in the record to indicate anything but officers' reasonable reliance on the judge's determination of probable cause. In line with prevailing professional standards, counsel reasonably refrained from further investigation on a subject that would yield no better outcome for her client.

Accordingly, Petitioner has failed to satisfy the first prong of the *Strickland* test. Further, because there is no evidence indicating a deficiency in the warrant to investigate, the results would not have been different, and Petitioner has failed to satisfy the second

prong of the *Strickland* test. Finally, the Court agrees with the R&R that Petitioner has not "shown, rather than simply alleged, that he was prejudiced by counsel's performance" and thus fails to meet the *Hill* standard. (Doc. 17 at 13). For the foregoing reasons, the Arizona Court of Appeals' decision was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

Second, Petitioner claims he received ineffective assistance of counsel due to his counsel failing to acquaint herself enough with the relevant law to argue the prosecution could not prove its case and, as a result, erroneously recommended a plea deal to Petitioner. In particular, Petitioner asserts that the prosecution could not prove that the incriminating images were that of "minors" as required by A.R.S. § 13-3553. (Doc. 22 at 3).

As the R&R explains, the State need not prove the actual identity of a minor child to make its case under A.R.S. § 13-3553. (Doc. 17 at 9). Petitioner misinterprets the holding of *State v. Hazlett* in his Petition. (Doc. 22 at 3). This Court agrees with the R&R that *Hazlett* requires the State to prove not that the persons depicted in the images be identified as opposed to unidentified, but rather that they be actual minors and not fictitious characters. (Doc. 17 at 10). As iterated in the R&R, a medical doctor identified the individuals in the images as under age 15. Since it is apparent the prosecution could satisfy their burden on this point, counsel reasonably did not push this legal theory and advised her client to accept a plea agreement that substantially reduced his maximum possible sentence. Accordingly, Petitioner has failed to satisfy either prong of the *Strickland* test. First, counsel's advice regarding the applicable law and strength of the prosecution's case cannot be considered unreasonable under prevailing professional standards. Second, Petitioner has failed to show that the results would have been different since his "fictitious children" theory has no merit. Thus, Petitioner's objections are overruled and the R&R is accepted on Ground 1.

**B. Ground 2**

In his second ground for relief, Petitioner argues somewhat vaguely that the

judiciary and counsel in this case have encroached upon the Arizona state legislature's powers and violated the Arizona Code of Judicial Conduct and Arizona Rules of Professional Conduct by issuing Petitioner's sentence. (*See* Doc. 22 at 5–6). Petitioner seems to believe that the Arizona legislature must iterate an "explicit" sentence for the judiciary to apply to Petitioner's case, rather than the current sentencing guidelines passed by the legislature to govern sentencing, which give judges a certain amount of discretion. This issue was brought up in Petitioner's initial "separate memorandum," (Doc. 1 at 15) but was not addressed by the Magistrate Judge in the R&R. Since Petitioner brought the ground for relief up again in his Objection to this Court (Doc. 22), the Court will address the ground. *See* 28 U.S.C. § 2254(b)(2) (a federal court may deny a habeas petition on the merits even if Petitioner failed to exhaust the remedies available in state court.). Petitioner has not cited, and the Court has not located, any law that makes judicial discretion in sentencing unconstitutional such that habeas relief on this theory would be justified. Accordingly, Petitioner's objections are overruled and relief on Ground 2 is denied.

**V.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 17) is accepted and adopted; the objections (Doc. 22) are overruled; the Clerk of the Court shall enter judgment denying the Petition, with prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 25th day of March, 2021.

James A. Teilborg
Senior United States District Judge